## C. V. O'Connor, Appellee, v. P. R. Kennedy, Appellant.

### Gen. No. 6,171.    (Not to be reported in full.)

Appeal from the Circuit Court of Boone county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 26, 1916.

### Statement of the Case.

Action by C. V. O'Connor, plaintiff, against P. R. Kennedy, defendant, to recover real estate commissions. From a judgment for plaintiff, defendant appeals.

After efforts on the part of defendant to sell his farm to a certain party had resulted in failure and negotiations had been broken off, the defendant, as claimed by the plaintiff, promised the latter certain commissions if he could get such party to buy the farm, the making of which promise, however, was denied by the defendant. After efforts on the part of the plaintiff to effect a sale to such party, a sale was finally made to him by the defendant.

JAMES M. HUFF and CHARLES W. FERGUSON, for appellant.

WILLIAM L. PIERCE, WILLIAM BIESTER and ALEXANDER J. STROM, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 37*—*when entitled to commissions upon procuring purchaser.* If, after negotiations between the owner of real estate and a prospective purchaser have been broken off, the owner, after

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

promising an agent that he will pay him commissions if he will get such prospective purchaser to buy the property, makes a sale to such purchaser after efforts of the agent had had the effect of bringing the parties to an understanding, such agent may recover the agreed commissions.

2. WITNESSES, § 209*—*when denial of cross-examination proper.* In an action for commissions for the sale of real estate, refusal to allow the plaintiff to be cross-examined as to details of his knowledge of the land sold, where he had not testified on such matters in his direct examination, and the purchaser was familiar with the land, *held* not error.

3. BROKERS, § 97*—*when instruction in action for commissions properly refused as misleading.* In an action to recover real estate commissions for a sale alleged to have been made by the owner, as a result of the plaintiff's efforts following an alleged promise by the owner to pay the plaintiff such commissions after the owner had failed to effect a sale to such purchaser with whom he had originally negotiated, without any introduction by the plaintiff, an instruction making it essential to a recovery that the purchaser should have been originally procured by the plaintiff, *held* properly refused as misleading.

4. APPEAL AND ERROR, § 1533*—*when error in spelling of word in instruction harmless.* Substitution of the word "affect" for "effect" in an instruction, *held* not reversible error.

5. BROKERS, § 97*—*when instruction on right to recover commissions correct.* In an action for commissions for the sale of real estate, an instruction that the plaintiff "is entitled to recover, if he was instrumental in bringing the buyer and seller together," *held* correct and not open to the objection that the jury might have inferred that it meant a mere physical bringing together.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.